UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LRM HOLDINGS, INC., ) | |
|     *Plaintiff*, ) | |
| ) | |
| *vs*. ) | 3:13-cv-146-JMS-WGH |
| ) | |
| COMPUTER SUPPORT, INC., ) | |
|     *Defendant.* ) | |

# ORDER

On September 6, 2013, Plaintiff LRM Holdings, Inc. ("LRM") filed a Third Amended Complaint against Defendant Computer Support, Inc. ("CSI") alleging that diversity jurisdiction exists over this matter. [Dkt. 21 at 1, ¶ 3.]  LRM alleges that: (1) it is an Indiana corporation with its principal place of business in Indiana, [*id.* at 1, ¶ 1]; (2) CSI is a Pennsylvania corporation with its principal place of business in Pennsylvania, [*id.* at 1, ¶ 2]; and (3) "[j]urisdiction is proper under 28 USC § 1332(a) as there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs," [*id.* at 1, ¶ 3].

CSI has answered the Third Amended Complaint. [Dkt. 31.]  In its Answer, CSI admits its citizenship and the citizenship of LRM but, as to the allegations that jurisdiction is proper because there is complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs, it states "[t]he averments in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, the averments are specifically denied and strict proof thereof is demanded at the time of trial." [*id.* at 1, ¶¶ 1-3].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).  The Court is not being

hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  Based on CSI's Answer to LRM's Third Amended Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction.  If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **November 25, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs.  If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **November 25, 2013** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

11/15/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Christopher D. Lee
KAHN DEES DONOVAN & KAHN
clee@kddk.com

John R. Martin
RHOADS & SINON LLP
jmartin@rhoads-sinon.com

Todd J. Shill
RHOADS & SINON LLP
tshill@rhoads-sinon.com

- 3 -

Kevin Morris Toner
FAEGRE BAKER DANIELS LLP - Indianapolis
kevin.toner@faegrebd.com

Crystal Spivey Wildeman
KAHN DEES DONOVAN & KAHN
cwildeman@kddk.com